**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KIRK I. SHEPPERD,
             Appellant,

                    v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
DC-0752-20-0366-I-1

DATE: August 16, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Blaine Markuson, Esquire, Fort McCoy, Wisconsin, for the agency.

Timothy D. Johnson, Esquire, Fort Bragg, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

\* Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged constructive suspension for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was an Inspector, WG-5803-10, stationed in Fort Eustis, Texas. Initial Appeal File (IAF), Tab 1 at 1. In August 2018, he suffered a knee injury (meniscus tear) while performing military reserve duty. IAF, Tab 4 at 7, Tab 9 at 128. He underwent surgery on October 31, 2018, and began rehabilitation. IAF, Tab 4 at 7.

On February 10, 2020, the appellant filed a Board appeal, alleging that the agency had imposed a constructive suspension, effective December 1, 2018, by denying his request to return to work.[2] IAF, Tab 1 at 4, 6. He further alleged that the agency denied him due process and discriminated against him by failing to accommodate his disability. *Id*. at 6. He requested a hearing. *Id*. at 2.

The administrative judge advised the appellant of his burden of proof on jurisdiction,[3] and ordered him to submit evidence and argument on the issue. IAF, Tab 3. In response, the appellant provided a declaration, sworn under penalty of perjury, in which he averred that he was able to return to work on December 1, 2018, with no more than minimal accommodations, and the agency advised him that he could not return to work. IAF, Tab 4 at 7.

The agency disputed the appellant's version of events, asserting that it had offered him the opportunity to return to work light duty if feasible, but that his

---

[2] The appellant asserts, and the agency does not dispute, that he did not learn of his Board appeal rights until he spoke with his attorney on February 10, 2020. IAF, Tab 4 at 5, 7.

[3] The jurisdictional notice was largely correct, but the administrative judge erred in stating that the question of who initiated the absence is an issue in "enforced leave type constructive suspensions." IAF, Tab 3 at 2. As the Board clarified in *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014), the placement of an employee on enforced leave for more than 14 days is an ordinary suspension within the Board's jurisdiction, and the case law concerning constructive suspensions is not applicable to such a case. *Id*., ¶ 10.

own medical documentation indicated that he was unable to do so. IAF, Tab 9 at 6-7. According to the agency, the appellant had last provided a November 26, 2019 doctor's note, stating that he was still recovering from knee surgery and was expected to be rehabilitating until February 2020. *Id*. at 6, 7, 64. The agency asserted that it "continued to be ready to receive [the appellant] back to work whenever he decides to return." *Id*. at 7, 36.

In response to the agency's filing, the appellant provided additional evidence, including a January 13, 2020 internal email from an agency human resources official, and a November 26, 2019 text message between the appellant and his supervisor. IAF, Tab 10 at 7-8. In the email, the human resources official indicated that he had contacted the appellant, and that the appellant indicated he was willing to discuss his options with the Civilian Personnel Advisory Center and local command, and was "also willing to come back to work on light duty until this gets resolved." *Id*. at 7. In the text message, the appellant stated: "They [the agency] were the ones who told me I couldn't come back until I was cleared by the doctor is there a problem now that I haven't [sic] been cleared[.]" *Id*. at 8.

The administrative judge dismissed the appeal without a hearing. IAF, Tab 11, Initial Decision (ID). He found that the appellant "failed to establish jurisdiction," and that he provided "no evidence" that the agency took any wrongful actions that deprived him of the choice to return to work. ID at 4-5. In reaching that conclusion, the administrative judge found that the appellant's own factual submissions, in particular the November 26, 2019 text message, demonstrated that he lacked the capacity to work. ID at 5. The administrative judge also found it significant that the appellant had "cut off communication" with the agency—which, according to the agency's submissions, took place *after* the appeal was filed. ID at 3-4; IAF, Tab 9 at 36.

On petition for review, the appellant argues that he made a nonfrivolous allegation of jurisdiction, and that the administrative judge improperly made

credibility determinations without a hearing. Petition for Review (PFR) File, Tab 1 at 5-7. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has explained that, although various fact patterns may give rise to an appealable constructive suspension, all constructive suspension claims are premised on the proposition that an absence that appears to be voluntary actually is not. *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 9 (2016); *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). To demonstrate that an absence from work was not voluntary, and is an actionable constructive suspension, an appellant must show that (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Thomas*, 123 M.S.P.R. 628, ¶ 9; *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014). Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Thomas*, 123 M.S.P.R. 628, ¶ 9; *Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 8; *Romero*, 121 M.S.P.R. 606, ¶¶ 8-9; *see Rosario-Fabregas*, 833 F.3d at 1344-45 (approving the Board's analysis).

It is well settled that, in a constructive adverse action appeal, if an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). Whether allegations are nonfrivolous is determined based on the written record. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions. *Id.* To the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise

adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Id.*

We agree with the appellant that the administrative judge did not correctly apply this standard. First, the initial decision repeatedly implies that the appellant was required to *prove* jurisdiction in order to avoid dismissal without a hearing. ID at 4-5 (stating that the appellant "has not shown," "failed to establish," and "has not established" jurisdiction). Thus, the administrative judge appears to have held the appellant to a higher burden of proof than is required at this stage of the proceeding. *See Thomas*, 123 M.S.P.R. 628, ¶ 10.

Furthermore, contrary to the initial decision, the appellant has provided at least some evidence to support his claim that the agency wrongfully deprived him of the choice to return to duty. First, he has provided a declaration, sworn under penalty of perjury, in which he states that he was able to return to work in some capacity on December 1, 2018, and that the agency advised him that he could not return to work. IAF, Tab 4 at 7. The Board's regulations provide that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). While the appellant's allegation is not particularly detailed, we find that it meets that standard. In addition, the January 13, 2020 email serves as evidence that the appellant had, by that time at least, informed the agency that he was willing to return to work on light duty. IAF, Tab 4 at 7.

As to the November 26, 2019 text exchange between the appellant and his supervisor, the administrative judge focused on the final words of the appellant's message ("now that I haven't been cleared") as an admission that the appellant's doctor had not cleared him to return to work in any capacity. ID at 5; IAF, Tab 4 at 8. However, these words could also be read as indicating that the appellant's doctor had not cleared him to return to full duty. This reading would be

consistent with the appellant's position that he was willing and able to return to work in some capacity, and the agency refused him permission to return unless he was able to work without accommodation.

Moreover, even if it were appropriate to weigh the agency's evidence at this stage of the proceedings, the agency has not provided evidence that it offered or attempted to offer the appellant light duty or another accommodation. The agency alleges that, during a January 15, 2020 phone conversation with the appellant, it offered him the opportunity to return to work on light duty. IAF, Tab 9 at 7. However, the statements of a party's representative in a pleading do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). The email correspondence provided by the agency shows only that it considered requesting additional medical documentation. IAF, Tab 9 at 42.

Finally, the administrative judge erred in relying on the agency's allegation that the appellant "cut off communication" after filing his appeal. If the appellant did so, that has no bearing on his right to a hearing, as the Board's jurisdiction over an appeal of an alleged constructive suspension is determined by the nature of the action at the time the appeal is filed. *See Slocum v. U.S. Postal Service*, 107 M.S.P.R. 129, ¶ 9 (2007).

In sum, we find that the appellant has made a nonfrivolous allegation that he was constructively suspended. His allegations, if proven, could establish that he lacked a meaningful choice in the matter and that it was the agency's wrongful actions that denied him that choice. *See Thomas*, 123 M.S.P.R. 628, ¶ 15. The jurisdictional prerequisites of 5 U.S.C. chapter 75 otherwise appear to be satisfied. *See* 5 U.S.C. § 7511(a)(1)(A); IAF, Tab 1 at 1, Tab 9 at 5. Accordingly, we find that the appellant has made a nonfrivolous allegation that he was subjected to an appealable constructive suspension, and that he is therefore entitled to a jurisdictional hearing.[4] *See Thomas*, 123 M.S.P.R. 628, ¶ 15.

---

[4] This case and *Thomas* are distinguishable from *Rosario-Fabregas* and *Romero*, in which the appellant's entitlement to a hearing was not at issue. *See Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 6 (noting that the appellant did not request a hearing); *see also*

On remand, the appellant must prove by preponderant evidence the matters that he has nonfrivolously alleged. If he does so, he will have established jurisdiction over his constructive suspension appeal, and the administrative judge must reverse the action on due process grounds—although he must still address the appellant's claim of disability discrimination, if he still wishes to pursue those claims. If the appellant does not establish the Board's jurisdiction, then the administrative judge must dismiss the appeal on that basis. *Id.*, ¶ 16.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

*Romero*, 121 M.S.P.R. 606, ¶ 2 (noting that a hearing had already been held).